UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ramon Rosario, | ) | C/A No. 9:16-33-RBH-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden F.C.I. Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The pro se Petitioner, Ramon Rosario, brings this application for writ of habeas corpus (Petition) pursuant to 28 U.S.C. § 2241. Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in this case pursuant to the procedural provisions of the Rules Governing Section 2254 Proceedings in the United States District Court,[1] 28 U.S.C. § 2254; the Anti–Terrorism and Effective Death Penalty Act (AEDPA) of 1996; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

Pro se petitions are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). However, even when considered under this less stringent standard, for the reasons set forth hereinbelow the

---



[1] See Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts [the district court may apply any or all of these rules to a habeas corpus petition not filed pursuant to 28 U.S.C. § 2254].

petition submitted in the instant case is subject to summary dismissal. The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Serve., 901 F.2d 387 (4th Cir. 1990).

## Discussion

Petitioner, an inmate at FCI-Bennettsville, contends that his sentence was unconstitutionally enhanced by the sentencing court because he is actually innocent of the bodily injury sentencing enhancement. See Petition, ECF No. 1 at 6; Petitioner's Memorandum, ECF No. 1-1 at 1. Petitioner states that, on June 17, 1998, he pled guilty in the United States District Court for the Middle District of Florida to conspiring to possess heroin with intent to distribute, in violation of 21 U.S.C. § 846. Per the Petitioner, he was sentenced to 292 months imprisonment on September 11, 1998. ECF No. 1-1 at 2. Petitioner argues that his sentence was improperly enhanced from 24 months to 24 years based on a bodily injury enhancement, which appears to have been applied based on the district court finding that a person, who purchased heroin from a dealer who purchased the drugs from Petitioner, suffered a near-fatal drug overdose. See ECF No. 1-1 at 4. Petitioner appealed, but the Eleventh Circuit Court of Appeals affirmed his conviction in May 1999. United States v. Rosario, No. 98-3336-GG, 181 F.3d 108 (11th Cir. May 17, 1999). The Supreme Court denied his petition for certiorari on November 1, 1999. Rosario v. United States, 528 U.S. 978 (1999). Petitioner states that he also filed a filed a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 in November 2000, but that this petition was denied. See ECF No. 1 at 4, ECF No. 1-1 at 2. Petitioner now seeks, through this § 2241 Petition, to have this Court vacate his sentence, presumably for re-sentencing.



2

This action is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255," not through a Petition filed pursuant to § 2241. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). Petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001); Ennis v. Olsen, 238 F.3d 411 (4th Cir. 2000). Although Petitioner complains that he has been unsuccessful in seeking relief under § 2255, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n. 5.

The Fourth Circuit has set forth a three-part test to determine whether a petition challenging the lawfulness of a conviction or sentence can be brought under § 2241:

> Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.



3

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). This test was formulated expressly to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress." Id. at 333 n. 3.

Petitioner has not alleged that the conduct for which he was convicted has been deemed non-criminal by any substantive law change. Rather, he argues that his sentence should not have been enhanced. The United States Court of Appeals for the Fourth Circuit has not, however, extended the reach of the savings clause to petitions which challenge only a sentence. United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008); Farrow v. Revell, 541 F. App'x 327 (4th Cir. 2013) [challenge to sentencing factor is not cognizable under § 2241]. Accordingly, Petitioner fails to state a cognizable § 2241 claim as to his argument concerning his sentence. See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010)[holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"]; see also Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011)[refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender].

Petitioner appears to argue that the Supreme Court's decision in Burrage v. United States, 134 S. Ct. 881 (2014) affords him an argument previously unavailable to him during the time he could have pursued a § 2255 motion, such that his remedy under § 2255 is "inadequate or ineffective." In Burrage, the Supreme Court held "that, at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury,



4

a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C)[2] unless such use is a but-for cause of the death or injury." Burrage, 134 S. Ct. at 892. However, as discussed above, Petitioner cannot show under Fourth Circuit law that the reach of the savings clause has been extended to petitions which challenge only a sentence. United States v. Poole, 531 F.3d at 267 n. 7; see also Evans v. United States, No. CCB-16-928, 2016 WL 1377365 (D.Md. Apr. 6, 2016)[finding that petitioner, who argued that § 2255 was inadequate and ineffective in light of Burrage, could not rely on the savings clause to challenge his sentence].[3]

Petitioner acknowledges that, under Jones and Poole, being incorrectly sentenced is not the same thing as being actually innocent (ECF No. 1-1 at 17), but argues that the savings clause allows him to bring his Petition pursuant to 28 U.S.C. § 2241 in light of the Fourth Circuit's decision in Surratt v. United States, 797 F.3d 240 (4th Cir. 2015), rehearing en banc granted (Dec. 2, 2015). ECF No. 1 at 2, 7; ECF No. 1-1 at 1-2. In Surratt, a Fourth Circuit panel held that Jones requires "actual innocence of a criminal act" for relief under § 2241. Id. at 247. The undersigned is aware that in Surratt, the Fourth Circuit also appeared to leave open the possibility of relief under § 2241 for an allegedly unlawful sentence to a term of imprisonment exceeding the statutory maximum for

---

[2] A person convicted of an offense under 21 U.S.C. § 846 "shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." A defendant who is convicted of distribution under § 841(b)(1)(C) faces a prison term of not more than twenty years. 21 U.S.C. § 841(b)(1)(C). However, when "death or serious bodily injury results from the use of the [distributed] substance," the defendant faces a mandatory minimum sentence of 20 years. Id.

[3] In a recent unpublished decision, the Third Circuit Court of Appeals also found that the holdings in Alleyne v. United States, 133 S.Ct. 2151 (2013) and Burrage, 134 S.Ct. at 887 are extensions of Apprendi v. New Jersey, 530 U.S. 466 (2000), and that § 2241 petitions may not be used to raise sentencing challenges under these cases. Upshaw v. Warden Lewisburg USP, 634 F. App'x 357, 359 (3d Cir.), cert. denied sub nom, Upshaw v. Ebbert, No. 15-9375, __ S.Ct. __, 2016 WL 2928201 (U.S. June 27, 2016)].

5

the underlying charge; see Surratt, 797 F.3d at 269; however, pursuant to Fourth Circuit Local Rule 35(c), "[g]ranting of rehearing en banc vacates the previous panel judgment and opinion." Therefore, in light of currently controlling law under Jones, as discussed above, Petitioner cannot show that he is entitled to relief under § 2241. See, e.g., Sullivan v. Warden, SPC-Edgefield, No. 5:16-1211-HMH-KDW, 2016 WL 3162235 (D.S.C. June 6, 2016)[declining to stay based on Surratt and dismissing a § 2241 petition challenging a sentence enhancement because petitioner failed to meet the second prong of Jones as he failed to establish any subsequent change in substantive law such that the conduct of which he was convicted was deemed no longer criminal].

      Petitioner also appears to argue that he is entitled to relief under Ragland v. United States, 756 F.3d. 597 (8th Cir. 2014). In Ragland, the Eighth Circuit vacated the district court's denial of § 2255 relief and remanded the case for reconsideration of the defendant's conviction in light of Burrage. Id. at 602. On remand, the government conceded that it could not prove but-for causation and that Burrage applied retroactively, but argued that the district court lacked authority to grant § 2255 relief because the enhanced sentence did not exceed the maximum statutory sentence that applied without the enhancement. The district court denied the § 2255 motion, but the Eighth Circuit reversed, vacating the defendant's conviction for distribution of heroin resulting in death and remanding for resentencing on the lesser included offense of distribution of heroin. Ragland v. United States, 784 F.3d 1213, 1214 (8th Cir. 2015). However, even if the Eighth Circuit's decision in Ragland is controlling, Ragland was brought as a motion under § 2255, not as a petition under § 2241. Thus, if Petitioner believes Burrage entitles him to sentencing relief, he should seek permission from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion in the Middle District of Florida. See 28 U.S.C. § 2244 [requiring a Petitioner to obtain permission from



the Court of Appeals before filing a successive § 2255 motion]; 28 U.S.C. § 2255(h). Petitioner has provided no evidence that he has sought this necessary authorization from the Eleventh Circuit.

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition in this action be dismissed without prejudice and without requiring Respondent to file a return.

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

August 9, 2016
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

